IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTIN GLENN BRIDGES<br>(TDCJ No. 1603573),<br><br>      Petitioner,<br><br>V.<br><br>WARDEN TODD HUGHES,<br><br>      Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:15-cv-3830-L-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Martin Glenn Bridges ("Bridges"), a Texas inmate, proceeding *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, this habeas application appears to be an unauthorized successive habeas petition, and the Court should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

The factual and procedural background applicable to Bridges's current federal habeas application was set out by the Court previously, in its order denying his first Section 2254 application:

> Petitioner was convicted of driving while intoxicated, enhanced by four prior convictions, and unauthorized use of a motor vehicle, and was sentenced to sixty years' and two years' imprisonment, respectively, to run concurrently. *State v. Bridges*, No. 27656CC2 (County Court at Law No. 2, Kaufman County, 2010), *aff'd*, No. 05-10-00956-CR, 2011 WL 5557534 (Tex. App. – Dallas 2011, pet. ref'd). The Texas Court of Criminal Appeals denied state habeas relief based on the trial court's

findings and without a written order. *Ex Parte Bridges*, No. 80,229-01 (Tex. Crim. App. 2013).

*Bridges v. Stephens*, No. 3:14-cv-713-B-BK, 2015 WL 1401666, at *1 (N.D. Tex. Mar. 24, 2015).

In his first Section 2254 application, Bridges challenged

> the failure to prove loss of his mental faculties in connection with the DWI charge, the exclusion of impeachment evidence, the denial of the right to confront witnesses and to a fair trial, the failure to give *Miranda* warnings, the denial of effective assistance of counsel on appeal, and the sufficiency of the evidence.

*Id.* And the Court found that, for various reasons, all of his claims were procedurally barred. *See generally id.*

Through his current habeas application, unquestionably challenging the two same Kaufman County convictions, *see* Dkt. No. 3 at 2-4, Bridges claims that he was denied effective assistance of counsel at trial (Ground One) and that the trial court lacked jurisdiction (Grounds Two, Three, Four, and Five).

For the reasons explained below, the Court should transfer Bridges's current habeas application to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a "second or successive" application for federal habeas relief, *see generally* 28 U.S.C. § 2244, and "was enacted in part to bring finality to state court judgments," *Leal Garcia v. Quarterman*, 573 F.3d

214, 220 (5th Cir. 2009) (citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). As the Fifth Circuit has explained,

> Section 2244 lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second. In *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998), we defined a "second or successive" petition as one that "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Section 2244 specifies when a later-in-time petition will be heard. Despite its strictures, the case law clarifies that there is a category of petitions that, even though later in time, are outside the confines of § 2244 and will be heard because they are not "second or successive" within the meaning of AEDPA.

*Id.* (footnotes omitted and internal citation modified).

Where multiple Section 2254 petitions attack the same judgment(s), a court "'look[s] to pre-AEDPA abuse of the writ principles in determining whether [a] petition is successive.'" *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003)); *see id.* ("We held that Crone's petition was successive because he 'knew of all of the facts necessary to raise his [second] claim before he filed his initial federal petition.' This holding aligned with our 'strong policy against piecemealing claims.'" (quoting *Crone*, 324 F.3d at 837)).

The Court must determine whether a subsequent federal habeas application is second or successive within the meaning of AEDPA to ensure that there is subject matter jurisdiction. *See Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file

a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)); *see also Crone*, 324 F.3d at 836 (collecting cases); *cf. Linzy v. Faulk*, No. 14-cv-00962-BNB, 2014 WL 5355293, at *3 (D. Colo. Oct. 21, 2014) ("[t]he one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional," and "[t]here is no language in 28 U.S.C. § 2244(d) that would prohibit [a court] from bypassing the issue of timeliness if the claims asserted in the § 2254 Application are without merit" (citing *Day v. McDonough*, 547 U.S. 198, 205 (2006))).

A claim presented in a second or successive application under Section 2254 must be dismissed unless:

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the Court of Appeals before a petitioner files an application in federal district court. *See id.* § 2244(b)(3); *see also Garcia Briseno v. Dretke*, Civ. A. No. L-05-08, 2007 WL 998743, at *2 (S.D. Tex. Mar. 29, 2007) ("A circuit court preliminarily authorizes the filing of a successive action if a petitioner shows that it is 'reasonably likely' that his successive petition meets section 2244(b)'s 'stringent requirements.'" (quoting *In re*

*Morris*, 328 F.3d 739, 740 (5th Cir. 2003))).

## Analysis

Bridges's claims, although different than those he made in his initial Section 2254 application, appear successive within the meaning of AEDPA. For example, the factual predicate for his ineffective-assistance-of-trial-counsel claim – based on Bridges's allegation that the state indictment was defective – could have been discovered through the exercise of due diligence prior to filing (and raised in) the previous Section 2254 application. *See Crone*, 324 F.3d at 837; *cf. United States v. Scruggs*, 691 F.3d 660, 670 (5th Cir. 2012) ("the factual basis for Scruggs's claim is merely [a conflict of interests that existed during the representation,] which "Scruggs knew or easily could have discovered ... by the date on which his conviction became final"; therefore, "his ineffective assistance claim is untimely" under Section 2255(f)(4)). Bridges also appears to allege that "new law" supports his grounds alleging that the state court lacked jurisdiction. *See* Dkt. No. 3 at 7 & 10. But the cases he cites – *e.g., Marbury v. Madison*, 5 U.S. 137 (1803), and *Metropolitan Transit Authority v. Jackson*, 212 S.W.3d 797 (Tex. App. – Houston [1st Dist.] 2006, pet. denied) – do not appear to be meet his burden under Section 2244(b)(2)(A). Ultimately, however, the Fifth Circuit is the proper first-gatekeeper as to Bridges's apparently successive habeas application, and this Court appears to be currently without subject matter jurisdiction.

## Recommendation

The Court should transfer Bridges's current habeas application to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 2, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE